United States v. Rosario All right, so it is Mr. Singer. Do you reserve two minutes for a call? I have. Thank you, Your Honor. Good morning. Again, my name is Murray Singer. I represent Ivan Rosario on this appeal. I would like to take my time this morning to address the second point in my brief relating to the assistance of counsel and due process right to be heard at a critical stage of the proceeding. And we submit that the remanded proceeding at the district court was a critical stage of the proceeding. But it wasn't – I mean, it seemed to me from – I wasn't on the panel. I guess Judge Sack was. But it seems to me that what the remand order said was that the district court had to just state her reasons, like had to make specific findings under Dunnigan which hadn't been made. Yes. And so why did that require a new hearing, new briefing, new opportunities to be heard? Even – I mean I think you're suggesting that it meant that your client had to be basically produced to – from wherever he was designated to be there for a hearing or a procedure. Judge, I'm not arguing that any specific procedure had to be in place. Had the judge simply set a briefing schedule or asked counsel if they wished to be heard. They were not – the questions that were sent back to the district court by this court were a series of specific questions arising out of the Dunnigan case that had not been addressed and certainly not addressed specifically at the district court. So it wasn't just make findings on things that – where these questions were specifically asked but you didn't make findings on it. It's that these are specific questions, one of them being a legal one having to do with materiality, that had not been addressed by the court below. What if a judge comes to the conclusion on remand that the court is in a position to answer those questions without taking additional testimony because the testimony already taken, the briefing already made and so forth is sufficient to provide answers to those questions. After all, the judge might have answered those questions the first time around in which case there would have been no remand. Well, yes, if the judge had considered these specific questions and addressed them, then there would have been no need for a remand. But the point is that the court did not do that. And this panel said – a panel of this court said consider it and make findings. That doesn't necessarily mean take new briefing, take new testimony. Okay, I'm not suggesting that testimony was needed. And again, I'm not suggesting that any particular procedure was required. But these are questions of when – But you do seem to be saying that some procedure, particular procedure is required. Some procedure is required because these are new questions that were sent back to the court that counsel had not specifically addressed. These are new questions. These are questions that under Dunnegan and under, frankly, under a long series of cases in this court are what a district court has to find before assessing a two-point enhancement for perjury. And the district court didn't do that, didn't provide a specific articulation of why the enhancement was applied. The district court the first time just said I was here, I saw the testimony, and it applies. But are you suggesting that you or counsel had a right to basically object to the district court's findings, the 10-page findings that were issued in March or I guess it was March of 2021? What, the articulated findings after the remand? Yeah. Well, that's what we're here for. It seems to me what you're saying, the panel sent it back for the district court to articulate the reasons for the enhancement. It didn't say anything like you have to have a new hearing. It didn't say that there should be post-articulation briefing as to whether you agree or disagree. But that's always the case when this court remands a matter back to the district court. You send it back to the district court for resentencing or for consideration of some issue or for findings on a particular point. My argument to your honors this morning is that that remanded proceeding, the determinations that the court is being asked to make about specific questions, including the legal one of materiality, are important to the consideration. Donegan never came up at the original sentence proceeding, not by the court, not by the government, not by defense counsel. And so the court articulated specific points that said, hey, these haven't been decided. We don't have findings on this. And particularly with regard to the legal question of materiality, that's what counsel's for. If we took the 10-page opinion that the court issued, if the court had just basically, at sentencing, before imposing sentencing said, okay, and these, by the way, are my findings with respect to the enhancement on perjury, and read them into the record, that would have been fine, right? I mean, you wouldn't have had an opportunity to sort of demand a new hearing or to put on additional evidence. Well, yeah. Had the district court properly considered all of the questions that Donegan demands have to be answered, then, yes, there wouldn't have been an issue. But they didn't. The district court did not do that. No, but my point is that you're in the same position now as you would have been had it happened that way. So you can argue that the district court got it wrong, and I guess you do. But it seems strange to me, based on what the limited remand was, to say that there's a process problem that required more than what happened here. What's your best case for that? Counsel has a right to be heard. We go back to the district court. Has a right to be heard when? After the court has made its findings? You're saying? No, before the court makes its findings. That's true of any critical stage of a proceeding, no matter what it might be. This was going back for sentencing. But you've seen the opinion, right? I mean, the opinion that we issued. And we issued an opinion that said you have to articulate your reasons. That's what we said. We didn't say that there had to be a new set of briefing, did we? This court never determines the procedure that a district court has to follow. You remand. You remand. Say, here, these are questions that are unresolved that need to be decided. I'd note that after this case came back up, after the articulated findings by the district court, when the court came back here, prior counsel submitted an Anders motion. And this court rejected the Anders motion and said, hey, there's a significant issue here. There's a colorable claim that needs to be addressed by appellate counsel. And I suggest that if the issues that need to be addressed are significant enough that an Anders brief is not appropriate, and that new counsel is appointed, that's me, and needs to address these issues, certainly the issues are significant enough to be addressed by counsel, for counsel to have the opportunity to weigh in at the sentencing proceeding. And that's what this was. It was going back for a sentencing proceeding where findings had to be made that would support or not support the enhancement that the government was seeking. So to say that if the court had done it properly in the first case, then we'd be back where we are, that's not what we have here. The court did not do it properly. Were you aware in your opinion that we said we're remanding for a sentencing proceeding? No. The remand was for the court to make findings, to either make findings that would support the enhancement, or if the findings could not be made, to adjust the guidelines and resentence without the enhancement. So that's a sentencing proceeding, where you're either applying an enhancement and determining a sentence, or not applying an enhancement. So did your client have a right to be there, do you think? Well, if there was going to be an in-person proceeding, but it didn't have to be an in-person proceeding. It didn't have to be a proceeding at all. The district court was instructed to make any further findings in support of the enhancement under 3C1.1. And counsel had the right to say, Judge, these are the questions that you've been asked to determine, or asked to consider and make findings on, and this is our position. The court could have simply said, Counsel, do you wish to weigh in? And if you do file a memo by next Friday, and counsel would have had the opportunity to weigh in at what we contend is a critical stage, and the court's findings would have been made. That's the concern. All right. Thank you. My time is running.  How do you pronounce your last name? Mahard, Your Honor. Mahard, okay. Good morning, and may it please the Court. Assistant U.S. Attorney Sean Mahard for the United States. Mr. Rosario raises two arguments on appeal here that they both fail. First, the district court did exactly what this court asked of it. The district court applied governing law and made detailed factual findings to conclude that Rosario's trial testimony satisfied each element of perjury and merited applying the obstruction of justice enhancement under the sentencing guidelines. The district court's factual findings here relied on and cited recorded prison calls, testimony from Ms. Lexie, the mother of Rosario's child, and Rosario's own testimony. Finally, Rosario had an adequate opportunity to brief and address the obstruction of justice enhancement at his sentencing. He was not then entitled to another bite of the apple after this court remanded. Well, I mean, look, I guess it kind of turns on what this court told the district court to do. And so the suggestion is that this court told the district court to have a sentencing proceeding, have a new sentencing proceeding. But it seems like it was more limited than that, and I guess I'm just curious. Was there some confusion in the district court as to what was supposed to happen after the remand? No, Your Honor, and I can quote directly from this court's opinion where it says, you know, for the foregoing reasons, this case is remanded in part to the district court to make any further findings in support of its enhancement under Section 3C1.1 of the guidelines. And that's exactly what the court did here. It imposed the obstruction of justice enhancement under the guidelines because Mr. Rosario committed trial perjury. At trial, Rosario testified that the reason he sought to have Lexie destroy the phone was to prevent his wife from discovering intimate materials. But the evidence, the recorded prison calls between Rosario, Lexie, and Rosario's mother, showed that in truth he wanted to destroy incrementing evidence that the phone contained. The district court cited these sources and made the necessary findings here to support each element of perjury based on his false testimony at trial. I'm happy to answer any additional questions that the court may have. Otherwise, I'll ask the court to affirm here. All right. No questions? All right. So, Mr. Mehard, thank you. Mr. Singer, back to you for two minutes. I won't promise to keep it under two minutes. We'll see how it goes. The end of this court's opinion remanding the matter said, the case is remanded in part to the district court to make any further findings in support of its enhancement under 3C1.1. If the district court determines on remand that the facts do not justify the enhancement for committing perjury, then Rosario must be resent. So it contemplated. It contemplated. See, I took that to be there's no need for a proceeding. There's just need for an articulation of the findings, the basis for the conclusion made by the court. And if the court concludes there's not enough there, then you'd have a proceeding, then you'd have a resentencing. So why is that wrong and why is that a problem? But, again, the questions that were sent back were sent back to say these were addressed. But why do you say the questions that were sent back? Where in the decretal language, where does it say these are the questions that are sent back? It just basically recited what Dunnigan requires, right? Well, yes, but it went through a series of questions that it said the district court had not addressed. And we're saying that Dunnigan requires. In other words, it's not for the panel to figure out whether there is enough to impose an enhancement from the record. It's for the district court to articulate. You can't just say it's in there and expect that that will work. So we said you've got to go back and you've got to comply with Dunnigan and make your statement. But when it gets more specific, that's where counsel's role is so critical because we can say, Judge, whatever the discussion was before, these specific questions that are coming to you can be viewed in a different light. That's what counsel is for at that point. It doesn't mean you're going to prevail upon the district court, but you have a right to be heard. And this went directly to the sentencing. I'm still trying to figure out the contours of this right. So you're saying that there needed to be an argument in court? There needed to be an opportunity to respond to the court's written findings? There's not any specific procedure that is ever required in these. It's but an opportunity to be heard. For the judge simply to say, counsel, do you have anything that you wish to add now that the case has come back from the circuit? That, I think, would have been sufficient had counsel been able to say, you know what, there are these questions here. They weren't directly addressed below and I want to address them now. Here's my argument. And the court could consider it. And if I could, very briefly, the government again in their argument here says there was incriminating evidence on this phone. And I don't know how many times to say it. I put it in my reply brief. There is not a shred of evidence that supports it other than the government's lack of imagination. Like we can't think of any other reason why he would want this phone. He described it as dangerous, didn't he? I'm sorry? He described the phone as dangerous. Well, yes. In the context of saying the government doesn't have any evidence against me and they're looking for anything that they can use to hurt me. That can be as to my character. It's certainly not incriminating as to the underlying drug charge. They're simply assuming that it must have been the case. And I'm troubled by the claim, the persistent claim that there was in fact incriminating evidence on that phone. There's no evidence. He asked that it be destroyed in code. He used code to ask that it be destroyed. If he wanted it destroyed because it would be embarrassing because it had intimate details of his life, why would he put it into code? Code's what you use when you don't want the government to know what it is you're asking. The government had the witness who had the phone, who knew what was on the phone, who destroyed the phone. And they didn't bother to ask her what was on the phone that was such a problem. Not a single cooperating witness said we ever dealt with him, with Mr. Rosario, on the phone. So it's a reasonable assumption to make. If you ask to destroy a piece of evidence because it incriminated a member of their family, what's the point of asking them afterward what was on it? You're unlikely to get an incriminating answer from somebody who destroyed something because it's incriminating. Well, no, the person who destroyed it was not incriminated. They may have been, but may not be. But again, the fact that it's a reasonable assumption or a suspicion to say, gee, why would he talk in code? Why would he do this but for is one of those rhetorical questions that over the years of criminal defense practice that I've had, I stay away from. Because my imagination doesn't always get me to what turns out to be the actual answer. There can be other reasons. And that's why evidence is needed as opposed to simply suspicions or guesses. But circumstantial evidence is permissible, right? I mean, if they knew everything that was on the phone, then they might have gotten conviction on some of the other counts. But all that they had to prove was that it was material, right? Yes. And I would argue that Mr. Rosario could have told the truth about this and still and the jury's verdict still would have been justified. So, again, the simple point I wanted to raise here was that this notion that there was, in fact, incriminating information on that phone is simply without support in the record. Thank you very much. Okay. Thank you very much. Mr. Singer, Ms. Mehar, we will reserve decision.